Thomas R. Wickwire
2775 Hanson Road
Fairbanks, AK 99709
tom@twickwire.com
907-474-0068
Attorney for Plaintiff



RECEIVED JAN 20 2026 CLERK, U.S. DISTRICT COURT FAIRBANKS, AK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| COLLIN LASLEY | ) |
| Plaintiff, | ) |
| vs. | ) |
| FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT | ) ) |
| Defendant. | ) Case No. |

## COMPLAINT

1. Plaintiff Collin Lasley was, at all times relevant, a resident of Alaska and employed by Fairbanks North Star Borough School District ("FNSBSD") as a System and Database Administrator from June 2022 until he was forced to resign on or about July 25, 2024.

2. Fairbanks North Star Borough School District is a municipal school district organized under the law of the State of Alaska, located in Fairbanks, Alaska.

---

Collin Lasley v. FNSBSD
Complaint
1-14-2026

Page 1

3. Jurisdiction is derived from 28 U.S.C. §1331, including:

   a. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794), prohibiting discrimination and retaliation on the basis of disability under Federal grants and Federal programs.

   b. The Family and Medical Leave Act, 29 U.S.C §2601 et seq. ("FMLA").

   c. 29 U.S.C §2615, which prohibits interference with and reprisal against employees exercising rights guaranteed under the FMLA.

4. Venue is in this Court under 28 U.S.C. §1391, as all relevant acts and omissions occurred in Fairbanks, Alaska, within this District.

5. Plaintiff satisfactorily performed his duties and met or exceeded legitimate employment expectations during his tenure of employment with Defendant.

6. Defendant FNSBSD is an employer covered by the FMLA under 29 U.S.C §2611(a), as it is a public agency with 50 or more employees.

7. Plaintiff is an eligible employee under the FMLA, having been employed by Defendant for more than 12 months and having worked at least 1,250 hours in the 12 months preceding his request for protected leave.

Thomas R. Wickwire, Lawyer
2775 Hanson Road, #1,
Fairbanks, AK, 99709
Tel. (907)474-0068   Fax. (907)474-0069

8. Defendant, through its agents, subjected Plaintiff to unequal terms and conditions of employment, specifically:

   a. Unreasonable additional assignments, often with short response times, that even an exceptionally skilled and dedicated employee would find difficult to fulfill. Such assignments should normally be rare and of an emergency nature, but there was no emergency. Plaintiff's supervisor, Richard J. Stevens III, Executive Director of Technology, ordered them intending to over-stress Plaintiff, hoping he would fail, so that Stevens could discipline Plaintiff or push him to the breaking point and cause him to resign.

   b. Plaintiff's position was exempt from the overtime requirements of federal labor law pursuant to 29 CFR 541.400(b). He was salaried, allowed to work as many hours as the job required and frequently worked much more than 40 hours per week. All of Plaintiff's hours over 40 per week were free to Defendant, uncompensated. Despite this benefit to Defendant, on or about June 11, 2024, HR Executive Director Ivory McDaniel instructed Plaintiff that he was to complete all assignments within a 40-hour work week. Since Ms. McDaniel knew Plaintiff had been working 60 hour and more work weeks, she knew

Thomas R. Wickwire, Lawyer
2775 Hanson Road, #1,
Fairbanks, AK, 99709
Tel. (907)474-0068   Fax. (907)474-0069

this was impossible, intended to create grounds to discipline Plaintiff for either failing to complete his work within the 40 hours or disobeying her order not to work more than 40 hours a week, a set-up for failure.

c. Retaliation, by unsupported criticism for Plaintiff's reporting Stevens' poor decisions or illegal acts to the prescribed administrative reporting channels.

d. Disparate treatment by prohibiting Plaintiff from communicating with Directors in other departments, as had been routine, even when they asked for his input. Executive Director Stevens stated as his reason, "nobody cares about your input."

e. Failure to accommodate Plaintiff's known and documented disability. Plaintiff had, and still has, a physical disability (Narcolepsy Type I) diagnosed by his physician and recognized by Section 504 of the Rehabilitation Act. His prior supervisor knew of this, accepted it as a bona fide disability and took steps to accommodate by adjusting Plaintiff's work schedule so his work got done. This worked well and to the satisfaction of his supervisors until Richard J. Stevens

Thomas R. Wickwire, Lawyer
2775 Hanson Road, #1,
Fairbanks, AK, 99709
Tel. (907)474-0068   Fax. (907)474-0069

Collin Lasley v. FNSBSD
Complaint
1-14-2026

Page 4

became Plaintiff's supervisor, when he withdrew permission for Plaintiff to work the adjusted schedule which his prior supervisors had approved to accommodate his disability.

f. Unauthorized release by Stevens of Plaintiff's confidential medical information and his disability, which were to be kept confidential under the Rehabilitation Act, and FMLA.

g. Mr. Stevens falsely accused Plaintiff of using illicit drugs, working under their influence, and driving while under their influence, which accusations had no factual support whatever, but was speculation by Stevens, intended to cause Plaintiff's termination or compel his resignation. Instead of following Defendant's prescribed procedures to determine if there was any factual basis behind these claims, Mr. Stevens repeated these accusations to 10 other employees with no legitimate need for this information. Mr. Stevens' made these comments when he knew of Plaintiff's documented disability and need for accommodation under the Rehabilitation Act, the ADA, and FMLA.

Thomas R. Wickwire, Lawyer
2775 Hanson Road, #1,
Fairbanks, AK 99709
Tel. (907)474-0068   Fax. (907)474-0069

h. Plaintiff was approved for intermittent leave under the FMLA, periodically utilizing leave to cover his arriving late when dealing with his medical condition, pursuant to written guidance from Defendant's Human Resources Department.

i. Plaintiff promptly reported the discriminatory and retaliatory treatment by his supervisor, Stevens, described above, to Defendant's Human Resources Department and Defendant's EEO Officer, requesting acknowledgement and accommodation of his medical-related absences. Neither took corrective action.

j. Disparate, discriminatory treatment by engaging in a civil conspiracy, joining in on retaliating against Plaintiff, placing him on administrative leave, and falsely accusing him of insubordination. When they could have supported Plaintiff and saved the School District a highly skilled technician, Defendant chose to support Stevens, who had no prior experience, training or skills his job required of him. This was gross negligence as well as disparate treatment without a legitimate basis.

k. On or about July 12, 2024, Plaintiff's then

supervisor, Kevin Heneveld, who had supported Plaintiff in several disputes with Stevens, received his annual evaluation. It gave him very poor marks, after over 30 years of good or better evaluations in his employment with Defendant. He soon thereafter resigned.

l. On July 3, 2024, Plaintiff put in a request for 2 days of medical leave, his first such request in all his time employed by the School District. Stevens approved the leave then later denied having done so and reprimanded Plaintiff for working at home during this approved leave time.

m. On or about July 25, 2024, Stevens falsely accused Plaintiff of violating FERPA and placed him on administrative leave.

n. On or about July 25, 2024, Plaintiff, having exhausted attempts to get someone in authority to take corrective steps, and believing this last criticism by Stevens, demonstrated that Stevens' supervisors through the Superintendent of Schools, would not take any steps to correct the attacks by Stevens, feeling

the situation was hopeless, resigned from this hostile work environment and retaliatory action — a textbook constructive discharge.

9. These acts constitute a violation of Plaintiff's rights Section 504 of the Rehabilitation Act, and the FMLA.

10. Stevens' denial of intermittent medical leave and denial of the July 3, 2024, medical leave request constituted unlawful reprisal under 29 USC 2615(b), which prohibits interference with the exercise of FMLA rights.

11. Plaintiff twice reported Mr. Stevens' actions in writing Dr Luke Meinert, Superintendent of Schools, and the Board of Education, both of whom refused to correct it when they could have, leaving Plaintiff no choice but to continue working in this hostile work environment, under continual unjustified criticism, or resign to preserve his mental health, precipitating this Court action.

12. The unauthorized release of confidential medical information, learned only through Plaintiff's employment, and dissemination of private details to co-workers with no right or need to know, constitutes a violation of the §504 of the Rehabilitation Act, and FMLA confidentiality provisions.

13. The discriminatory acts occurred from March 2024 through July 2024, and, upon information and belief, Defendant may continue to engage in conduct violating Plaintiff's protected rights unless

Collin Lasley v. FNSBSD
Complaint
1-14-2026

Page 8

Thomas R. Wickwire, Lawyer
2775 Hanson Road, #1,
Fairbanks, AK 99709
Tel. (907)474-0068   Fax. (907)474-0069

ordered to stop.

14. Plaintiff's was a member of a protected class, as a person with a diagnosed disability and entitled to FMLA leave.

15. As a direct and proximate result of Defendant FNSBSD's above-described actions, Plaintiff suffered economic loss, past and future, medical expenses, past and future, emotional distress, past and future, and harm to his professional reputation.

## COUNT 1, REHABILITATION ACT SECTION 504 CLAIMS

16. Plaintiff realleges all prior allegations and further complains against the Defendant FNSBSD as follows:

17. Defendant's agents actions as described above constitute willful reprisal and interference with Plaintiff's right to accommodation in violation of 29 U.S.C. § 794.

18. Defendant discriminated against Plaintiff based on his disability (diagnosed, medically treated Type I Narcolepsy) in taking the actions described above in forcing Plaintiff to resign from his position and releasing his confidential medical information to co-workers with no right or need to know that information, in retaliation against Plaintiff for exercising these federally protected rights.

19. As a direct and proximate result of Defendant FNSBSD's above-described actions, Plaintiff suffered economic loss,

Collin Lasley v. FNSBSD
Complaint
1-14-2026

emotional distress, past and future, medical expenses, past and future, and harm to his professional reputation.

### COUNT 2, FMLA CLAIMS

20. Plaintiff realleges all prior allegations and further complains against the Defendant FNSBSD as follows:

21. Defendant's actions as described above constitute willful reprisal and interference with Plaintiff's rights under FMLA in violation of 29 U.S.C. §2615.

22. As a direct and proximate result of Defendant FNSBSD's above-described actions, Plaintiff suffered economic loss, emotional distress, past and future, medical expenses, past and future, and harm to his professional reputation.

23. Pursuant to FRCP 38, Plaintiff Lasley demands trial by jury of all issues so triable on both claims.

WHEREFORE, Plaintiff Collin Lasley, prays for judgment against the Defendant, Fairbanks North Star Borough School District:

1. For violation of §504 of the Rehabilitation Act of 1973 by Fairbanks North Star Borough School District and its agents and employees, and for willful violation of it by Defendant

Collin Lasley v. FNSBSD
Complaint
1-14-2026

through its agents and employees, by forcing the resignation of Plaintiff Lasley for exercising his right to reasonable accommodation for his medical condition in the form of a modified work schedule an award of economic damages and an award of liquidated damages in an amount equal to Plaintiff's economic damages.

2. For violation of the FMLA by Fairbanks North Star Borough School District and its agents and employees, and for willful violation of FMLA by its agents and employees, by forcing the resignation of Plaintiff Lasley for using intermittent FMLA leave for his medical condition, an award of economic damages plus an award of liquidated damages in an amount equal to Plaintiff's economic damages.

3. For injunctive relief:

    a. Ordering Defendant to remove all derogatory information and documents from Plaintiff's personnel file or any other files in Defendant's records where they may be found, including but not limited to, the documents concerning Plaintiff's July 2024 forced resignation, and any documents critical of Plaintiff, created after January 1, 2024.

    b. Ordering Defendant to limit any verbal or written reports regarding Plaintiff's reason for leaving employment as "quit on mutually agreeable terms".

Thomas R. Wickwire, Lawyer
2775 Hanson Road, #1,
Fairbanks, AK, 99709
Tel. (907)474-0068   Fax. (907)474-0069

       c. Ordering Defendant to re-employ Plaintiff in the same or substantially similar position from which he was forced to resign and ordering Defendant to provide all back pay and benefits to which Plaintiff is due.

4. For an award to Plaintiff of compensatory damages for back-pay, past lost income, future lost income, front pay, emotional distress, past and future, medical expenses, past and future, and incidental and consequential losses.

5. For an award of costs, interest and attorney fees as permitted by the Rehabilitation Act of 1973 (29 U.S.C §794(b)), and FMLA (29 U.S.C §2617(a)(1)(a)(ii).

6. For such other relief as the court deems just and equitable under the circumstances.

DATED: January 14, 2026.

/S/ *Thomas R. Wickwire*
Thomas R. Wickwire
ABA# 7111049
Attorney for Plaintiff
2775 Hanson Road
Fairbanks, AK 99079

---

Collin Lasley v. FNSBSD
Complaint
1-14-2026

Case 4:26-cv-00010-SLG   Document 1   Filed 01/20/26   Page 12 of 12